APPEL, Justice
(concurring specially).
I concur in the generally thorough majority opinion in this case. I write separately, however, to emphasize the difference between Iowa law and federal law on the question of class certification.
Iowa is one of two states that have adopted a version of the Uniform Class Actions Act. Thomas D. Rowe, Jr., State and Foreign Class-Actions Rules and Statutes: Differences from—and Lessons for?—Federal Rule 23, 35 W. St. U. L. Rev. 147, 150 (2007). One of the purposes of the Uniform Class Actions Act was to create a more generous standard for class certification because “federal courts have severely restricted the availability of class actions in their forum.” Irving Scher, Opening State Courts to Class Actions: The Uniform, Class Actions Act, 32 Business Lawyer 75, 86 (1976). Consistent with the Uniform Class Actions Act upon which they are based, Iowa courts have consistently stated “[o]ur class-action rules are remedial in nature and should be liberally construed to favor the maintenance of class actions.” Comes v. Microsoft Corp., 696 N.W.2d 318, 320 (Iowa 2005); accord Anderson Contracting, Inc. v. DSM Copolymers, Inc., 776 N.W.2d 846, 848 (Iowa 2009); Lucas v. Pioneer, Inc., 256 N.W.2d 167, 175 (Iowa 1977). In light of this legislative history and our caselaw, federal class action precedent is of limited value in *131 determining class certification under Iowa law.